UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN PRODUCTS COMPANY, | No. C-10-2121 (JCS) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AND TO STRIKE [Docket No. 31]** |
| v. | |
| BLACK FLAG BRANDS LLC, et. al., | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

Plaintiff Green Products Company has filed this action alleging federal trademark violations arising out of the concurrent use of the trademark COPPER-GREEN by Plaintiff and COPPER GREEN by Defendants (Black Flag, the Homax Group and Lowe's HIW Inc., hereafter "Counter-Claimants or "Black Flag Defendants"). Plaintiff has filed the present motion to dismiss Count 1 of the Counterclaim on the ground that Count 1 fails to state a claim upon which relief can be granted. In addition, the Plaintiff moves to strike Defendants Homax Group and Black Flag's Fourth Affirmative Defense and Defendant Lowe's HIW Inc.'s Sixth Affirmative Defense pursuant to Federal Rule of Civil Procedure 12(f).

The Court finds that the motion is appropriate for decision without oral argument. For the reasons explained below, the Court DENIES Plaintiff's Motion to Dismiss and to Strike. The hearing scheduled for October 15, 2010 is VACATED.

## II.   BACKGROUND[1]

### A.   Facts

Plaintiff Green Products is in the business of producing and selling wood preservatives. Counterclaim ¶62. Plaintiff owns U.S. Registration No. 1,850,495 for the mark COPPER-GREEN

---

[1] The Court accepts all well-pled factual allegations of the complaint (or as pertinent here, Counterclaim) as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996)

for wood preservatives in International Class 2. *Id.* ¶83 (*see also* Declaration of Lawrence G. Townsend "Townsend Decl.", Exh. A).[2] Plaintiff filed an "Affidavit of Incontestability" with the Trademark Office on August 15, 2000. *Id.*, Exh. B. Defendant Black Flag is also in the business of producing and selling pest control and wood preservative products. Counterclaim ¶ 60. Homax is a leader in home improvement products and previously sold wood preservative products under the JASCO brand, including Termin-8 "copper brown" wood preservatives, Termin-8 "copper clear" wood preservatives, and Termin-8 "green" wood preservatives. *Id*. ¶ 66. In 2009, Homax began marketing wood preservatives under the BLACK FLAG brand. *Id.* ¶69. Counter-claimants discontinued the "copper brown" and "copper clear" colors and produced and sold BLACK FLAG TERMIN-8 wood preservative exclusively in "copper green." *Id.* ¶70. Counter-claimants identified the color "copper green" on the label of the wood preservative product. *Id.* ¶71. Counter-claimants cite to a number of dictionaries, which recite that "copper green" is a color. *Id*. ¶¶73-77. Counter-claimants allege that BLACK FLAG is the "primary and house trademark, TERMIN-8 is the secondary trademark, and 'Wood preservative' is the product itself, and the words 'copper green' are used at the bottom to signify the color of the product." *Id.* ¶79.

In the First Amended Complaint ("FAC"), Plaintiff alleges that the Black Flag Defendants were aware of the Plaintiff's mark when they started using it and that they intentionally adopted the mark "COPPER GREEN" with the intent to trade on the goodwill associated with the use of Plaintiff's trademark. FAC ¶16. As a result of the Black Flag Defendants' decision to promote and sell the infringing product, Plaintiff alleges that Defendant Lowe's terminated Plaintiff in November 2009 as a supplier of its genuine COPPER-GREEN wood preservative. *Id.* ¶17.

### B. Procedural History

On June 11, 2010, Plaintiff filed a First Amended Complaint against Defendants, which contained federal and state law claims for trademark infringement, false designation of origin, unfair competition and intentional interference with prospective economic relations. Docket No. 7. The

---

[2]Plaintiff has filed a Request for Judicial Notice of U.S. Registration No. 1,850,495 and its administrative record. The request is unopposed. The Court GRANTS the Plaintiff's request. *See Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637 (9th Cir. 1998) (taking judicial notice of trademark registrations), *abrogation on other grounds recognized by Roe v. Johnson*, 134 F.3d 1400 (9th Cir. 1998) ("Certified copies of trademark registrations from the principal register fall within Fed.R.Evid. 201(b)(2)").

dispute between the parties arises out of the concurrent use of the trademark COPPER-GREEN by Plaintiff and COPPER GREEN by Defendants. Plaintiff alleges that the use of the mark, COPPER GREEN by Defendants on identical goods, specifically, wood preservatives, creates a strong likelihood of confusion with Plaintiff's COPPER-GREEN trademark.

On July 21, 2010, Defendants Homax and Black Flag served on Plaintiff their Answer and Counterclaims, and on July 28, 2010, Defendant Lowe's served its Answer on Plaintiff. Docket Nos. 12, 19. The Defendants' Answers include identical affirmative defenses. The Defendants Homax and Black Flag's Counterclaim includes a claim alleging that Plaintiff's trademark registration is subject to cancellation on the grounds that the mark COPPER-GREEN has become generic for wood preservative products. Counterclaim ¶¶82-93, Docket No. 12.

On August 11, 2010, Plaintiff filed the present motion to dismiss Defendants' first counterclaim for declaratory judgment for cancellation and to strike the fourth affirmative defense from the Defendants Black Flag and Homax's Answer and to strike the sixth affirmative defense from Defendant Lowe's Answer on the ground that the Counterclaim and affirmative defenses fail to state a claim upon which relief can be granted. Docket No. 31.

### III. ANALYSIS

#### A. Legal Standards

##### 1. Motion to Dismiss, Rule 12(b)(6)

A complaint or counterclaim may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

1  *Id.* at 1964-65.  For purposes of resolving the motion, courts accept all allegations of material fact as
2  true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife*
3  *Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

### 2. Motion to Strike, Rule 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

## B. Application of the Law to the Facts of the Case

### 1. The Relevance of Plaintiff's Argument That its Trademark has Achieved "Incontestable Status"

Plaintiff argues in its Motion that its trademark registration for the term "COPPER-GREEN" has achieved "incontestable" status under the Lanham Act, 15 U.S.C. §1051 *et. seq*.  *See* Pl.'s Mot. at 3, 5-6, 8.  Both parties agree, however, that even a mark that has gained incontestable status can be challenged on the grounds stated in Section 14 of the Lanham Act, 15 U.S.C. § 1064.  *Id.* at 5. Plaintiff admits that Section 14 of the Lanham Act permits a third party to challenge the validity of a trademark if, among other reasons, "'the registered mark becomes the generic name for the goods or services . . . .'" *Id.*  Thus, the parties agree that a trademark can be attacked on the grounds that it is generic regardless of whether the mark has attained a presumption of validity.  *See* 15 U.S.C. §§ 1115(b), 1065, 1064.  Trademarks that are placed on the federal register are entitled to a presumption of validity after five years and "this presumption prevents cancellation challenges on the grounds that a trademark is descriptive and lacks secondary meaning." *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F.Supp.2d 950, 953 (N.D. Cal. 2005) (citing *Park n' Fly, Inc v. Dollar Park & Fly Inc.*, 469 U.S. 189, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985).  Such trademarks, however, may still be challenged on the grounds that they are generic.  *Id.*

The parties agree that Plaintiff's federal registration for the term "COPPER-GREEN," means that Counter-claimants bear the burden of proving their claim that the mark has become generic. Counter-claimants contend that they have adequately pleaded their claim of genericness and that "during the course of discovery they will come forward with sufficient evidence to support that

claim." Def.'s Opp. at 5. The question is whether Counter-claimants have pleaded sufficient facts to state a claim for genericness.[3]

### 2. Claim 1 of the Counterclaim Satisfies Federal Pleading Standards

Plaintiff argues that the Counter-claimants are unable to prevail on Count 1 of their Counterclaim as a matter of law and that the claim for cancellation and related affirmative defenses should therefore be dismissed and stricken from this case. The Court disagrees. The Court concludes that the Plaintiff's arguments are better raised on summary judgment. All that is required at this stage of the proceedings is a short and plain statement of the claim, and factual allegations in support. Claim 1 of the Counterclaim is sufficient to meet federal pleading standards.

"Counter-claimants claim that Plaintiff's COPPER-GREEN trademark is a generic term for the color of the claimed goods in Registration No. 1,850,495 and as a result the registration is subject to cancellation" Pl.'s Mot. To Dismiss 4 (*citing* Paragraphs 91 and 92 of the Black Flag Defendants' Answers, Affirmative Defenses, and Counterclaims, Docket 12). "Descriptiveness and genericness are not claims for fraud or mistake and are therefore outside the heightened pleading requirements in Fed. R. Civ. P. 9(b)." *Aureflam Corp., supra* 375 F.Supp.2d at 953. "Accordingly, these claims are governed by general rules of pleading that require only 'a short and plain statement' of jurisdiction and the claim entitling the pleader to the relief request." *Id.* (*citing* Fed. R. Civ. P. 8).

As both parties agree, trademarks that are found to be generic are subject to cancellation at any time. 15 U.S.C. § 1064; *Park N' Fly, Inc, supra,* 469 U.S. at 194; *KP Permanent Make-Up,* 408 F.3d at 602. A term that is not originally generic may become generic over time. "To determine whether a term has become generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves." *KP Permanent Make-Up,* 408 F.3d at 602. "[I]f the disputed term is identified with all such goods or services, regardless of their suppliers, it is generic." *Id*. at 604 (quotation omitted). In

---

[3] Much of the Plaintiff's arguments on the issue of its "incontestable registration" appear to be directed at Defendants' allegations regarding descriptiveness. Plaintiff characterizes the allegations of the counterclaim as supporting a claim for descriptiveness, not genericness. This is significant because once a mark has achieved incontestable status, it cannot be challenged on descriptiveness grounds, but can be challenged on the grounds that the mark has become generic. Marks found to be generic are subject to cancellation at any time. 15 U.S.C. § 1064(3); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 408 F.3d 596, 602 (9th Cir. 2005)

determining whether a mark is generic, the Court may place "significant" weight on dictionary definitions. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1148 (9th Cir. 1999). "[S]uch definitions are 'not determinative.'" *Id.* ("[D]ictionary definitions are relevant and often persuasive in determining how a term is understood by the consuming public, the ultimate test of whether a trademark is generic.") (internal quotations omitted).

The Counter-claimants allege that Defendant Homax sold wood preservative products under the JASCO brand for more than 20 years (BFD Answer ¶66), and that those products have always identified on the label the color of the wood preservative. *Id.* ¶71. Counter-claimants further allege that wood preservative that is green in color is the standard in the construction industry (*Id.* ¶¶67, 72), and that the JASCO-brand "green" wood preservative sold by Homax had a "copper green" color, which was the result of a combination of the active ingredient copper naphthenate and a colorant. *Id.* ¶67. Counter-claimants also allege that The BLACK FLAG-branded TERMIN-8 wood preservative product currently sold by the Black Flag Defendants is also "copper green" in color. *Id.* ¶71. Finally, Counter-claimants allege that "Green Products' COPPER-GREEN trademark corresponding to Trademark Registration No. 1,850,495 is a generic term for the color of the claimed goods, 'preservatives against the deterioration of wood,' and should not be entitled to protection." Counterclaim at ¶91.

Construing all of these facts in the light most favorable to Counter-claimants, they have alleged that: (1) wood preservative that is green in color is the standard in the construction industry; (2) competing wood preservatives products in the "copper green" color have been sold in the market for more than 20 years; and (3) Plaintiff's mark "COPPER-GREEN" has become generic for the goods for which it is registered, *i.e.*, wood preservative products.

Accepting all factual allegations in the Counterclaim as true and construing the facts in the light most favorable to Counter-claimants, the Court cannot conclude that Counter-claimants can prove no set of facts showing that Plaintiff's mark "COPPER-GREEN" has become generic for the goods for which it is registered. Counter-claimants' claim that the "COPPER-GREEN" term has become generic is a plausible claim that has been adequately pleaded both in the Black Flag Defendants' First Counterclaim for Declaratory Judgment and in the Black Flag Defendants' Fourth

Affirmative Defense and LHIW's Sixth Affirmative Defense. Plaintiff's arguments are better raised on summary judgment after there has been an opportunity for the parties to develop the record.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Dismiss and to Strike is DENIED.

IT IS SO ORDERED.

Dated: October 4, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge